UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CASTEL

------------------------------------------------------------x
ANGEL SEGARRA and GLORIA SEGARRA,

        Plaintiffs,

-against-

ALLEN M. ROSENTHAL,

        Defendant.
------------------------------------------------------------x

07 CIV 6098

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT and ABUSE OF PROCESS



RECEIVED JUN 28 2007 U.S.D.C. S.D.N.Y. CASHIERS

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiffs ANGEL SEGARRA and GLORIA SEGARRA against Defendant ALLEN M. ROSENTHAL ("Defendant" or "Rosenthal") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendant violated the Act by wrongfully attaching funds in plaintiffs' bank account relating to a judgment obtained against the plaintiffs' deceased son, which caused plaintiffs to incur substantial emotional distress as well as bank fees.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. This Court has supplemental jurisdiction of the state law claims

asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiffs ANGEL SEGARRA and GLORIA SEGARRA are natural persons who are married and reside in the Bronx, New York.

4. Defendant ALLEN M. ROSENTHAL is a New York lawyer, with his own law firm, engaged in the business of collecting debt in this state with his principal place of business located in Hicksville, New York. Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5. On September 7, 1990 defendant obtained a default judgement for his client Artha Management against Angelo Segarra in the amount of $2,609.00 in the Civil Court of the City of New York, Bronx County (Index No. 19345/90). The judgment was based on an alleged failure to pay rent on an apartment that Angelo Segarra rented from Artha Management.

6. Angelo Segarra was the son of plaintiffs Angel and Gloria Segarra. Angelo Segarra died on August 12, 1993.

7. After failing to enforce the judgement for over 16 years, on January 29, 2007 issued an execution of garnishment to Northfork Bank on all accounts

belonging to Angelo Segarra, but listed Angel Segarra's social security number on the execution instead of Angelo Segarra's social security number.

8. Plaintiffs are informed and believe that defendant knew that the social security number listed on the execution did not belong to Angelo Segarra because Angelo Segarra had given his social security number to Artha Management on an application form when he originally applied for his apartment with them.

9. As a result of the subject execution notice, a bank account belonging to Angel and Gloria Segarra was restrained and the plaintiffs were charged a $100 bank fee as a result of the restraint.

10. Plaintiffs learned of the unlawful restraint on their account on that same date, and immediately obtained counsel who called defendant's law firm and explained that the judgment belonged to the plaintiff's deceased son and demanded that defendant immediately withdraw the restraint. Defendant refused to comply with this request.

11. On January 30, 2007 the plaintiffs filed for an Order to Show Cause with the Bronx Civil Court to remove the restraint from their bank account since the judgment was not against them.

12. On February 6, 2007 defendant's law firm filed an opposition to that request, stating that it was the plaintiff's burden to show that they were "in fact not the Judgment Debtor."

13. At the hearing on the plaintiffs' Order to Show Cause on February 9, 2007 the defendant finally consented to withdraw the execution on the plaintiff's bank account.

14. As a result of defendant's conduct, the plaintiff's incurred not only the $100 bank fee, but also a substantial amount of emotional distress from having their bank account frozen on a debt that belonged to their son who had been deceased for nearly 13 years at the time of the restraint.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. The plaintiffs hereby reallege and in incorporates by reference each of the above allegations.

16. Plaintiffs Angel Segarra and Gloria Segarra are "consumers" as that term is used in 15 U.S.C. § 1692a(3).

17. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

18. The alleged debt underlying plaintiffs' complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

19. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect and collecting an amount from plaintiff which was not expressly authorized or permitted by law.

20. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by attempting to use and using a false and deceptive means to collect a debt.

21. The plaintiffs are entitled to an award of actual and statutory damages for the defendants' unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
## ABUSE OF PROCESS

22. The plaintiffs hereby reallege and incorporate by reference each of the above allegations.

23. The restraint of the plaintiffs' bank account constituted a regularly issued civil process which interfered with the plaintiffs' property.

24. The defendant obtained the restraint with the intent of harming plaintiffs without excuse or justification.

25. The defendant used the restraint of the plaintiffs bank account in a perverted manner to obtain a collateral objective. Specifically, the accounts were unlawfully restrained because the defendants were unable to locate any assets of the actual Judgment Debtor and had no other way to collect on the 1990 default judgment.

26. As a direct and proximate result of such conduct, the plaintiffs suffered actual economic damages and emotional distress.

27. Defendant is liable to the plaintiffs for the actual damages they have

sustained by reason of such conduct.

28.     The plaintiffs are also entitled to an award of punitive damages from the defendant in an amount sufficient to punish him for his conduct as well as to serve as a deterrent to him and to others to prevent the occurrence of such egregious conduct in the future.

**WHEREFORE,** the plaintiffs respectfully requests that judgment be entered as follows:

A.   Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B.   Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C.   Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

D.   An award of actual and punitive damages for the defendants abuse of process.

///

///

///

///

///

///

E.   Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand a trial by jury in this action.

Dated:   May 24, 2007
         New York, NY

*[signature]*

Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff