UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
ANGEL SEGARRA and GLORIA SEGARRA,

      Case No. 07-CIV-6098 (PKC)

    Plaintiff,

    -v-

ALLEN M. ROSENTHAL,

    Defendant.
-------------------------------X

## ANSWER

    Defendant Allen M. Rosenthal, appearing *pro se*, as and for his answer to the complaint of the plaintiff, alleges as follows upon information and belief:

    1) The defendant denies each and every allegation contained in paragraphs 1, 7, 8, 9, 10, 14, 19, 20, 21, 23, 24, 25, 26, 27, and 28 of the complaint.

    2) Admits that the plaintiff Angel Segarra brought an Order to Show Cause in the Civil Court as alleged in paragraph 11, but denies that the motion was merely to vacate the Restraining Order. Said motion was to vacate the entire judgment against Angelo Segarra, who was not the movant. Upon information and belief, Angel Segarra was not a party to the Civil Court action.

    3) Admits that the defendant objected to the motion of Angel Segarra as alleged in paragraph 12 to the extent that the defendant indicated that it had no knowledge, documentation or other proof of the movant's allegations, and that if the movant was not the Judgment Debtor then he had no standing to move to vacate the judgment as was sought in the Order to Show Cause. Upon being shown documentation of the Judgment Debtor's death, the defendant's office immediately consented to vacate all Restraining Orders and closed it's file.

4) Denies information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 3 and 6 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5) The complaint fails to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6) The defendant is an attorney engaged in the collection of debts as defined under the FDCPA.

7) In 1990, the defendant was retained to collect a debt against Angelo Segarra. The defendant brought an action against Angelo Segarra, and obtained a default judgment in the Civil Court of the City of New York, County of Bronx.

8) In 1991, and again in 2007, the defendant obtained credit reports as to Angelo Segarra (the Judgment Debtor) from Experian and it's predecessor TRW. Each time the credit report obtained listed the credit information for Angelo Segarra (the Judgment Debtor) as having Social Security Number ▇▇▇▇▇▇▇▇ and residing at 3400 Fort Independence Street, Bronx, NY.

9) The defendant then proceeded in good faith to issue Restraining Orders and Information Subpoenas based upon the information obtained from TRW and Experian.

10) At no time prior to the day before the hearing of the plaintiff's Order to Show Cause in the Civil Court, Bronx County, was the defendant ever made aware that the Judgment Debtor was deceased and that one of the instant plaintiffs was the Judgment Debtor's father.

11) Upon being shown in Court the next day the death certificate of Angelo Segarra by the instant plaintiffs, the defendant's office immediately consented to release all Restraining Orders and closed it's file.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12) The defendant repeats and realleges each and every allegation contained in paragraphs "1" through "11" of the answer as if repeated herein verbatim.

13) Any violation of the FDCPA was inadvertent and unintentional, and was a bona fide error made notwithstanding the maintenance of procedures reasonable adapted to avoid any such error.

WHEREFORE, defendant respectfully requests judgment dismissing the complaint in this matter, and the costs and disbursements of this action.

Dated: Hicksville, NY
       September 10, 2007

/s/_____
Allen M. Rosenthal
 (ar-1325)
Attorney for Defendant
550 W. Old Country Road - Suite 201
Hicksville, NY  11801
(516) 938-0900